**Oswald P. KRATZ, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 02–2338.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 2003.

Decided Oct. 31, 2003.

William H. Levit, Jr., Timothy D. Kiefer, Godfrey & Kahn, Milwaukee, WI, for Petitioner–Appellant.

Thomas Edward Leggans, Office of the United States Attorney, Fairview Heights, IL, for Respondent–Appellee.

Before KANNE, ROVNER, and EVANS, Circuit Judges.

**ORDER**

Oswald Kratz pleaded guilty to one count of conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a), and was sentenced to 120 months' imprisonment. He appealed his sentence, but we dismissed

the appeal after concluding that he had waived his right to bring it in his plea agreement. Kratz then moved to vacate, set aside or correct his sentence, *see* 28 U.S.C. § 2255, but the district court dismissed the motion on the assumption that Kratz also had waived his right to collaterally attack his conviction and sentence under § 2255. We affirm on an alternate ground.

Police believed that Kratz was selling cocaine in 1996 and, after obtaining a search warrant, raided his home. Inside they found cocaine residue and arrested him. Police read Kratz the *Miranda* warnings, after which he gave a statement admitting that he bought as much as five ounces of cocaine every week to ten days. A grand jury returned an eight-count indictment. Kratz hired an attorney but soon ran out of money to pay attorneys fees or other expenses. As a result, his attorney asked the district court to authorize paying an investigator to search for witnesses who could testify on Kratz's behalf, which the court agreed to do. According to Kratz, however, his attorney never hired an investigator and instead urged him to plead guilty to one count of conspiracy and waive his right to appeal in exchange for the government dropping the other seven counts.

Kratz then appealed his sentence. He argued that his appeal waiver was invalid because the district court had denied him due process by not fully explaining how it calculated his relevant conduct at sentencing, specifically the quantity of drugs attributed to him. *See United States v. McEntire*, 153 F.3d 424, 436–37 (7th Cir. 1998) (a defendant is entitled to know how his relevant conduct was determined). We agreed that the district court should have better explained its sentencing calculations, but held that the mistake did not deny Kratz due process because Kratz never objected to the calculations at sen-

tencing and because the mistake "implicated the Guidelines, not the Constitution." *United States v. Kratz*, 179 F.3d 1039, 1043 (7th Cir.1999). We held that Kratz's waiver was therefore valid and dismissed his appeal. *Id.*

Having failed to get his sentence reduced on direct appeal, Kratz tried to overturn his conviction by filing in the district court a motion under § 2255. Kratz's motion raised numerous grounds for relief, including ineffective assistance of counsel. The court denied Kratz's motion, reasoning that some of his claims were procedurally defaulted and that, regardless, Kratz in his plea agreement had also waived the right to bring a motion under § 2255. Although the district court denied his request for a certificate of appealability, we granted a certificate, but on just one of the issues raised in his § 2255 motion–"[w]hether Kratz's trial counsel was ineffective in urging Kratz to plead guilty before investigating the merits of Kratz's case." We review the district court's denial of Kratz's § 2255 motion *de novo*. *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir.2003).

The district court's conclusion that Kratz waived his right to bring a motion under § 2255 is incorrect. As the government concedes, Kratz waived only his right to bring a § 2255 attacking his sentence, not one attacking his guilty plea: "Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack."

Even though Kratz did not waive his right to attack his guilty plea under § 2255, we nonetheless affirm the court's dismissal of his motion because he cannot establish that his trial counsel was ineffective. *See Ortloff v. United States*, 335 F.3d 652, 661 (7th Cir.2003) (appellate court can affirm district court on any basis in the record); *see also Beyer v. Litscher,*

306 F.3d 504, 507 (7th Cir.2002) (appellate court need not remand habeas corpus petition that has no chance of success). In order to establish that his counsel was ineffective, Kratz must show both that 1) his attorney's performance fell below an objective standard of reasonableness, and 2) his attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir.2003). Kratz bears the burden of establishing that his attorney was ineffective. *Reeves v. United States*, 255 F.3d 389, 393 (7th Cir.2001).

Kratz argues that his counsel was ineffective because he failed to investigate the case adequately, even after the district court agreed to pay for an investigator, but does not explain what an investigation would have uncovered or how it would have helped his defense. A movant alleging ineffective assistance of counsel due to a supposed failure to investigate bears the "burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon*, 319 F.3d at 951 (internal citations and quotations omitted). But Kratz offers only speculation that an investigation would have located impeachment witnesses. For instance, he asserts that an investigation "could have discovered impeaching information ... reducing or eliminating the effectiveness" of a co-defendant who was prepared to testify against him, but never explains what "impeaching information" he hoped to discover. He also speculates that with an investigation he could have "discovered evidence relating to any of the approximately 20 people who had information important to Kratz's defense," but fails to identify who these people are, what information they have, or how that information would have helped his defense.

Although we recognize that "prison is a difficult place from which to litigate," *Wright v. Gramley*, 125 F.3d 1038, 1043 (7th Cir.1997), even incarcerated movants must "demonstrate, with some precision, the content of the testimony [the potential witnesses] would have given at trial," *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir.1987); *see also Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996). Without identifying what evidence an investigation would have uncovered, Kratz cannot show that his attorney's failure to conduct an investigation was objectively unreasonable. *Hardamon*, 319 F.3d at 951.

Kratz also failed to allege prejudice. He contends that he could have exacted a better plea bargain from the government if his attorney had uncovered evidence to impeach the government's witnesses. But, again, he failed to support his contention by identifying what evidence an investigation would have uncovered. He also failed to explain how that evidence would have strengthened his case, especially in light of the fact that he admitted to police buying large quantities of cocaine. *See DeRobertis*, 811 F.2d at 1016. Kratz argues that prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648, 658–60, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), in which the Supreme Court held that a defendant need not establish prejudice if his or her "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." But *Cronic* is inapplicable to ineffective assistance of counsel claims that are based upon an alleged failure to investigate. *Patrasso v. Nelson*, 121 F.3d 297, 302 (7th Cir.1997).

AFFIRMED.